760

## In re HAMMOND.

Court of Customs and Patent Appeals.
February 6, 1930.

Patent Appeal No. 2202.

Albert M. Austin, Harold F. Wilhelm, and Nathaniel L. Leek, all of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. This appeal is from a decision of the Board of Appeals disallowing claims 1 and 10, reading as follows:

"1. A vessel, a rudder attached to said vessel, means including a fin bodily connected to said vessel and arranged outside thereof to oscillate with respect thereto about a normally vertical axis for turning the rudder to port or to starboard when the vessel encounters a current transverse to its course, said means being operative to hold the rudder in such port or starboard position until the vessel encounters a current in the opposite direction relative to the course of the vessel.

"10. The combination with a vessel, of a rudder attached to said vessel, and means including a fin positioned outside of said body and bodily connected thereto and arranged to oscillate about a normally substantially vertical axis, for turning the rudder to port or starboard in response to a current transverse to the course of said vessel, said means being operative to hold said rudder in said port or starboard position until the vessel encounters

a current transverse to its course and flowing in a direction opposite to said first mentioned transverse course."

It is stated by appellant that his application "relates particularly to the automatic control of a torpedo by the wake of an enemy vessel so that, if the torpedo misses its target but enters the wake, it will follow the wake, crossing it again and again until it strikes." It is also stated in the brief and in argument by appellant, that this result is "accomplished by a small vane or fin located slightly forward of amidship and connected to a set of pneumatic cylinders through a peculiar valve structure. These cylinders are so connected to the rudder that, when once actuated, the torpedo will always thereafter move in a curved course instead of a straight course and the rudder will be automatically swung from port to starboard or vice versa according to the pressure of the current or wake on the steering vane or fin."

It is further stated in appellant's brief that "an application disclosing the same invention was filed by appellant on March 12, 1913, (S/N 753, 758) but said application became unintentionally abandoned through an inadvertence of applicant's then attorney, since deceased, and the benefit of this early filing date was lost." This latter fact is shown by affidavit. We cannot see how this fact has any bearing on the issues involved in the instant case.

The rejection of the two claims by the examiner and the Board of Appeals is based on the fact that a single reference patent, No. 1,098,230, dated May 26, 1914, to J. J. Dallier, for a torpedo steering mechanism, discloses all called for in the disputed claims. The statement "said means being operative to hold the rudder in said port or starboard position, etc.," found in the disallowed claims, and relied upon by appellant to distinguish them from Dallier, is, according to the contention of the solicitor, functional in character and adds nothing to the claims, not disclosed in the reference.

The Dallier reference discloses a torpedo having devices thereon, including a fin responding to lateral pressures for the purpose of guiding the torpedo. The claims in controversy call for similar devices, but which are said to be a "means being operative to hold the rudder in said port or starboard position until the vessel encounters a current" in the opposite direction. It is at once obvious that there is nothing in the claim descriptive of the structure of the torpedo which

brings about the result which the claims call for.

The Board of Appeals as a reason for rejection, stated:

"Regardless of whether or not Dallier's torpedo re-enters the wake, claims 1 and 10 fail to differentiate from this reference. The currents specified in the claims need not be the wake of a ship, nor one and the same current. If the claims were so limited they would fail to set forth any difference in structure over the reference, even assuming that Dallier's torpedo does not re-enter the wake. In view of the close similarity of the two devices, however, we believe Dallier's torpedo would re-enter the wake if appellant's torpedo does."

In appellant's brief and in argument before this court, counsel has pointed out that in appellant's structure, the fin, which is affected by cross currents and which then actuates the pneumatic cylinders, is arranged "somewhat forward of the center of the torpedo body which is directly connected to a valve controlling the pneumatic cylinders which positively control the position of the rudder. This vane is only affected by major cross currents such as the wake of a ship. It operates slowly and it is turned only by a positive and steady external force independent of the wash or pressure caused by driving a vane or fin through the water." Also, in the brief and in the argument before this court, appellant's counsel goes into detail, how, with the vane or fin sitting forward of the center of the torpedo, his torpedo, having crossed the wake of the ship, will never again travel in a straight line, but will continue to cross the wake until the ship is hit.

Appellant's structure may do this, and, as far as we know, Dallier's may do the same. The Board of Appeals thought if one did it the other would, but if either of them does, the particular mechanism or structure which brings about such a result, or any arrangement of the structure that occasions such a result, is not disclosed in the claims. Therefore, the proposition is laid down by the solicitor of the Patent Office that appellant seeks to patent a function or a movement of a machine rather than its mechanism.

The function or movement of a device is not patentable, but the mechanism which produces such movement may be patentable. Mastoras v. Hildreth (C. C. A.) 263 F. 571, 576. In In re Gardner, 32 App. D. C. 249, it was held that a patent cannot issue for a result sought to be accomplished by an inventor of a machine, but a patent will issue only for the mechanical means or instrumentality by which that result is obtained.

In In re Ballman and Evers, 57 App. D. C. 146, 18 F.(2d) 188, a claim reading "and means for reflecting another part of the rays emitted by said source upon said reflector," was held not sufficient to define a patentable structure, but had reference to function only and, therefore, could not be allowed. See also In re Perlman, 39 App. D. C. 447; Risdon Iron & Locomotive Works v. Medart, 158 U. S. 68, 15 S. Ct. 745, 39 L. Ed. 899.

We agree with the finding of the Board of Appeals that Dallier discloses everything which the claims here in controversy call for. The decision of the Board of Appeals is affirmed.